# EXHIBIT A

# Specialized Attorney Services

1055 Wilshire Blvd- Unit 1550
Los Angeles Ca 90017
Phone: (323) 443-0032

$435

| PaperID: 1641862 | ClientFile: 19-50549 |
|---|---|
| **Type of Document: SUIT** | **Serve By Date:** |
| Client Name: P&F CA (S&C) | Defendant Name: ALEKSIA M HEPNER |

| Court: | | CaseNo: |
|---|---|---|

SUPERIOR COURT COUNTY OF SAN BERNARDINO
247 West Third Street
San Bernardino CA 92415

**Place of Service:**

| Home: ████████ RANCHO CUCAMONGA CA 91730-6787 | Work: |
|---|---|





RECEIVED
OCT 21 REC'D
SUPERIOR COURT
SAN BERNARDINO COUNTY

| Issued Writ | Opened | Served | POS Signed | Closed | Initials |
|---|---|---|---|---|---|
| | | | | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1931160

    RAYMOND A PATENAUDE
    4545 MURPHY CANYOND ROAD
    3RD FLOOR
    SAN DIEGO CA 92123

                    NOTICE OF TRIAL SETTING CONFERENCE


IN RE: NATIONAL COLLEGIATE STUDENT LOAN-V-HEPNER

THIS CASE HAS BEEN ASSIGNED TO: BRIAN S MCCARVILLE IN DEPARTMENT S30
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 West Third Street
San Bernardino, CA  92415-0210.

        HEARING DATE: 04/21/20 at  8:30 in Dept. S30


DATE: 10/24/19  Nancy Eberhardt, Court Executive Officer
                                    By: GLORIA MARIN
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
(X) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/24/19
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/24/19 at San Bernardino, CA

                                BY: GLORIA MARIN

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT(S):**
*(AVISO AL DEMANDADO):*
ALEKSIA M HEPNER

and DOES 1 through 15, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A
DELAWARE STATUTORY TRUST(S)

**FILED**
FOR COURT USE ONLY
SOLO PARA USO DE LA CORTE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**OCT 21 2019**

BY
GLORIA MARIN, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* CIVDS 1931160 - |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
SAN BERNARDINO JUSTICE CENTER - UNLIMITED CASE
247 WEST 3RD STREET  SAN BERNARDINO CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude (#128855) / Michael D. Kahn (#236898) / Stephanie J. Boone (#160182)
Todd C. Simonson (#224346) / Adam Michael Rivera (#321236) / Angie Hong Hoar (#212152)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
Telephone No. (858) 244-7600

| DATE: | **OCT 2 1 2019** | Clerk, by | Gloria Marin | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

**COPY**

Page **1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude (#128855) / Michael D. Kahn (#236898) / Stephanie J. Boone (#160182)
Todd C. Simonson (#224346) / Adam Michael Rivera (#321236) / Angie Hong Hoar (#212152)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123

TELEPHONE NO.: 858-244-7675          FAX NO.: (858) 836-0318
ATTORNEY FOR (Name): PLAINTIFF

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
  STREET ADDRESS: 247 WEST 3RD STREET
  MAILING ADDRESS: 247 WEST 3RD STREET
  CITY AND ZIP CODE: SAN BERNARDINO CA 92415
  BRANCH NAME: SAN BERNARDINO JUSTICE CENTER - UNLIMITED CASE

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 21 2019

BY
GLORIA MARIN, DEPUTY

CASE NAME: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE
STATUTORY TRUST(S) VS. ALEKSIA M HEPNER,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DS 1931160 |
| | | JUDGE: |
| | | DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rul 3.740 collections (09)
☒ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2.  This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties
    b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. ☐ Substantial amount of documentary evidence
    d. ☐ Large number of witnesses
    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. ☐ Substantial post-judgment judicial supervision
3.  Remedies sought (check all that apply): a. ☒ monetary  b. ☐ non-monetary; declaratory or injunctive relief  c. ☐ punitive
4.  Number of causes of action (specify): ONE
5.  This case ☐ is ☒ is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 06, 2019

[ ] RAYMOND A. PATENAUDE      [ ] MICHAEL D. KAHN
[ ] STEPHANIE J. BOONE        [ ] TODD C. SIMONSON
[ ] ADAM MICHAEL RIVERA       [ ] ANGIE HONG HOAR

▶

/S/

(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collection Cases.** A "collection case" Under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as rule 3.740 collections case on this form means that it will be exempt form the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured motorist
    claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(non medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or
      wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
    accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation
    (14)
Wrongful Eviction (33)
Other Real Property (e.g., quite title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quite Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise, report
    as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
    Insurance Coverage Claims
    *(arising from provisionally
    complex case type listed above)*
    (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment ( Out of
      County)
    Confession of Judgment *(non-
    domestic relations)*
    Sister State Judgment
    Administrative Agency Award
    *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
    harassment)*
    Mechanics Lien
    Other Commercial Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)*
    (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**<br>Raymond A. Patenaude (#128855) / Michael D. Kahn (#236998) / Stephanie J. Boone (#160182)<br>Todd C. Simonson (#224346) / Adam Michael Rivera (#321236) / Angie Hong Hoar (#212152)<br>4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123<br><br>TELEPHONE NO.: (858) 244-7600        FAX NO. *(Optional):* (858) 836-0318<br>E-MAIL ADDRESS *(Optional):* Michael.Kahn@pandf.us<br>ATTORNEY FOR *(Name):* PLAINTIFF | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**OCT 21 2019**<br><br>BY _____<br>GLORIA MARIN, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

STREET ADDRESS: 247 WEST 3RD STREET
MAILING ADDRESS: 247 WEST 3RD STREET
CITY STATE AND ZIP CODE: SAN BERNARDINO CA 92415
BRANCH NAME: SAN BERNARDINO JUSTICE CENTER - UNLIMITED CASE

PLAINTIFF: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY TRUST(S)

DEFENDANT(S): ALEKSIA M HEPNER

☒ and DOES 1 through 15, inclusive

| **CONTRACT** | |
|---|---|
| ☒ **COMPLAINT** | ☐ **AMENDED COMPLAINT** *(Number):* |
| ☐ **CROSS-COMPLAINT** | ☐ **AMENDED CROSS-COMPLAINT** *(Number)* |

| Jurisdiction *(check all that apply):*<br>☐ **ACTION IS A LIMITED CIVIL CASE**<br> Amount demanded ☐ **does not exceed $10,000**<br>                    ☐ **exceeds $10,000 but does not exceed $25,000**<br>☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br> ☐ **from limited to unlimited**<br> ☐ **from unlimited to limited** | CASE NUMBER:<br><br>CIV DS  1 9 3 1 1 6 0 - |

1. **Plaintiff*** *(name or names):* NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY TRUST(S)

alleges causes of action against **defendant(s)*** *(name or names):* ALEKSIA M HEPNER, and DOES 1 through 15, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages: 17

3. a. Each plaintiff named above is a competent adult

   ☒ **except plaintiff** *(name):* NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY TRUST(S)

   (1) ☐ a corporation qualified to do business in California

   (2) ☒ an unincorporated entity *(describe):* a Delaware Statutory Trust(s)

   (3) ☐ other *(specify):*
   b. ☐ Plaintiff *(name):*
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
      b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant(s) named above is a natural person
   ☐ **except defendant** *(name):*                          ☐ **except defendant** *(name):*
   (1) ☐ a business organization, form unknown     (1) ☐ a business organization, form unknown
   (2) ☐ a corporation                              (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*     (3) ☐ an unincorporated entity *(describe):*
   (4) ☐ a public entity *(describe):*              (4) ☐ a public entity *(describe):*
   (5) ☐ other *(specify):*                         (5) ☐ other *(specify):*

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY TRUST(S) VS. ALEKSIA M HEPNER, | CASE NUMBER: |
|---|---|

4. *(Continued)*

    b.  The true names of defendant(s) sued as Does are unknown to plaintiff.

        (1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

        (2) ☒ Doe defendant(s) *(specify Doe numbers):* 1 through 15     are persons whose capacities are unknown to plaintiff.

    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d.  ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**

    a.  ☐ has complied with applicable claims statutes, *or*

    b.  ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because

    a.  ☐ a defendant(s) entered into the contract here.

    b.  ☐ a defendant(s) lived here when the contract was entered into.

    c.  ☒ a defendant(s) lives here now.

    d.  ☐ the contract was to be performed here.

    e.  ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

    f.  ☐ real property that is the subject of this action is located here.

    g.  ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☒ Breach of Contract

    ☐ Common Counts

    ☒ Other *(specify):* Refer to Other allegations in number 9.

9. ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a.  ☒ damages of: $45,596.60

    b.  ☒ interest on the damages

        (1) ☒ according to proof

        (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

    c.  ☐ attorney's fees

        (1) ☐ of:

        (2) ☐ according to proof.

    d.  ☒ other *(specify):* For such other relief as the Court deems just and fair.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: September 06, 2019

[ ] RAYMOND A. PATENAUDE      [ ] MICHAEL D. KAHN
[ ] STEPHANIE J BOONE      [ ] TODD C. SIMONSON
[ ] ADAM MICHAEL RIVERA      [ ] ANGIE HONG HOAR

▶     /S/

          (TYPE OR PRINT NAME)                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY TRUST(S) vs. ALEKSIA M HEPNER, | CASE NUMBER: |
|---|---|

FIRST
_(number)_                                    **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO ⊠ Complaint ☐ Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name)_:  NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY TRUST(S)

    alleges that on or about _(date)_: January 24, 2007

    a ⊠ written ☐ oral ☐ other _(specify)_:

    agreement was made between (name parties to agreement): Plaintiff's assignor, BANK OF AMERICA, N.A. and ALEKSIA M HEPNER,

    ⊠ A copy of the agreement is attached as Exhibit A, or
    ⊠ The essential terms of the agreement ☐ are stated in Attachment BC-1 ⊠ are as follows _(specify)_:

Defendant(s) entered into a written contract with Plaintiff's assignor, BANK OF AMERICA, N.A., whereby Plaintiff's assignor loaned money to Defendant(s) for the financing of Education expenses. Plaintiff is the assignee of this contract. The terms and conditions under which Defendant(s) agreed to repay Plaintiff's assignor for the monies loaned are set forth in a written contract and /or loan agreement between the Defendant(s) and Plaintiff's assignor. Defendant(s) indicated his/her/their consent to be bound by these terms either by an authorizing signature on the agreement or by Defendant(s) taking possession of and using the monies provided by Plaintiff's assignor.

BC-2. On or about _(date)_: October 25, 2016
    Defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ⊠ the following acts
    (specify):   Defendant(s) failed to make payments on the contract as agreed, or otherwise defaulted upon the contract, and despite Plaintiff's demand Defendant(s) continues to refuse to pay Plaintiff the amount owed under the contract. Defendant(s) is/are in default and under the terms of the contract, Plaintiff is entitled to the unpaid balance, interest, and costs.

BC-3. Plaintiff has performed all obligations to Defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by Defendant's breach of the agreement
    ☐ as stated in Attachment BC-4 ⊠ As follows :
    1.  The principal sum of $45,596.60;
    2.  Costs of suit;
    3.  For such other and further relief as the Court deems just and fair.

BC-5. ☐ Plaintiff is entitled to attorney fees by an agreement or a statue
    ☐ of $
    ☐ according to proof:

BC-6. ☐ Other:

Page     3
    Page 1 of 1

Form Approved by the
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]                    CAUSE OF ACTION—Breach of Contract                    Code of Civil Procedures, § 425.12

CA_USB EFile Breach of Contract                                                                P&F File No. 19-50549

# EXHIBIT "A"

Consumer Loan Request/Credit Agreement - Information Page

**NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION**

$30,000 / submit you July 9 07
Im can reapply
July 3rd yr

**LENDER/SCHOOL INFORMATION:**

Education Maximizer Undergraduate Loan

Lender: Bank of America, N.A.     School: CALIFORNIA CULINARY ACADEMY     Academic Period: 01/2007-10/2007

Loan Amount Requested: $30,000.00     Repayment Option: Full Deferral

Deferral Period Margin: 6.75     Repayment Period Margin: 5.75     Loan Origination Fee Percentage: 8.50

**STUDENT/BORROWER INFORMATION (Must be at least 18 years of age):**

Borrower Name: Aleksia M Hepner     Home Address: San Jose, CA 95148
Social Security #: 4263     Date of Birth: 1982     Home Telephone: 8349
Borrower Citizenship (check one box): ☒ U.S. Citizen  ☐ Eligible Non-Citizen (Attach front & back copy of CIS or student visa card)     Home Address:
Personal Reference Name: Vhall Boughton     Reference Home Tel #     Work Tel #

Reference Street Address:
Reference City/State/Zip:

**COSIGNER INFORMATION (Must be at least 18 years of age):**

Cosigner Name: Stevyn E Hepner     Home Address: San Jose, CA 95148
Social Security #: 3872     Date of Birth: 1950     Home Telephone: 9306
Borrower Citizenship (check one box): ☒ U.S. Citizen  ☐ No  ☐ Yes     Home Address:
Have you ever defaulted on a student loan or declared bankruptcy?
Current Employer: CONNECTING SOLUTIONS     Employer Telephone:
Current Position: Owner of business
Years at Previous Employment: 6 Years     Years There: 5 Years

Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this obligation. If you are relying on such additional income, please provide details on a separate sheet of paper.

Note: Personal reference name and address cannot match that of the Borrower.

Cosigner Citizenship (check one box): ☒ U.S. Citizen  ☐ Eligible Non-Citizen (Attach front & back copy of CIS)
Personal Reference Name: Kristen Vesel     Reference Home Tel #     Work Tel #

Reference Street Address:
Reference City/State/Zip:

**Borrower and Cosigner: Read and, where indicated, sign and date the next page.**

## Cosigned : Loan Request/Credit Agreement – Signature Page

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all seven (7) pages of this Loan Request/Credit Agreement BK.06-07.CSX1.10DC.0206 ("Credit Agreement"). I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. This Credit Agreement is signed under seal. I understand that I am not required to fax my signature on or to sign electronically this Credit Agreement and any related notices that require signature. If I choose to fax my signature on or to sign electronically this Credit Agreement and any related notices that require signature, I intend: (i) my fax or electronic signature to be an electronic signature under applicable federal and state law, (ii) any fax printout or printout of Lender's electronic record of this Credit Agreement and related notices to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Credit Agreement will not be governed by Article 3 of the Uniform Commercial Code, and my obligations under this Credit Agreement will not be subject to, but any transfer of my obligations will be subject to, Article 9 of the Uniform Commercial Code.

## FEDERAL AND CALIFORNIA COSIGNER NOTICES

For the purposes of these Notices, the words "you" and "your" refer to the Cosigner, not the Lender.

### NOTICE TO COSIGNER (Traducción en Inglés Se Requiere Por La Ley):
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The holder of the loan can collect this debt from you without first trying to collect from the borrower. The holder of the loan can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

### AVISO PARA EL FIADOR (Spanish Translation Required by Law):
Se le está pidiendo que garantice esta deuda. Piénselo con cuidado antes de ponerse de acuerdo. Si la persona que ha pedido este préstamo no paga la deuda, usted tendrá que pagarla. Esté seguro de que usted podrá pagar si sea obligado a pagarla y de que usted desea aceptar la responsabilidad.

Si la persona que ha pedido el préstamo no paga la deuda, es posible que usted tenga que pagar la suma total de la deuda, más los cargos por tardarse en el pago o el costo de cobranza, lo cual aumenta el total de esta suma.

El acreedor (financiero) puede cobrarle a usted sin, primeramente, tratar de cobrarle al deudor. Los mismos métodos de cobranza que pueden usarse contra el deudor, podran usarse contra usted, tales como presentar una demanda en corte, quitar parte de su sueldo, etc. Si alguna vez no se cumple con la obligación de pagar esta deuda, se puede incluir esa información en la historia de credito de usted.

Este aviso no es el contrato mismo en que se le echa a usted la responsabilidad de la deuda.

For purposes of the following notices, "you" means the Borrower and Cosigner, not the Lender.

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

FOR WISCONSIN RESIDENTS - NOTICE TO CUSTOMER:
(a) DO NOT SIGN THIS CREDIT AGREEMENT BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN THIS CREDIT AGREEMENT IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY CREDIT AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS CREDIT AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

Signature of Borrower _____   Date  01 · 09 · 2007

BY SIGNING THIS CREDIT AGREEMENT BELOW, I CERTIFY THAT I INTEND TO (i) APPLY FOR JOINT CREDIT AND (ii) BE JOINTLY LIABLE WITH THE BORROWER FOR THIS LOAN.

Signature of Cosigner _____   Date  Jan 9, 2007

BK.06-07.CSX1.10DC.0206                    LENDER COPY
PN01_BD_06-07_CSX1_F_X_HEPNER_A104898212.pdf

BKJUDP

## NOTE DISCLOSURE STATEMENT

$ 32,786.89

Loan No. 8212

| | |
|---|---|
| Borrower(s) | ALEKSIA M HEPNER<br>STEVYN E HEPNER |
| Student: | ALEKSIA M HEPNER |
| Date: | January 24, 2007 |

ALEKSIA M HEPNER

SAN JOSE , CA 95148   USA

Lender Name and Address
BANK OF AMERICA, N.A.
600 WILSHIRE BLVD, 4TH FLOOR
LOS ANGELES, CA 90017

This disclosure statement relates to your Loan Note disbursed on         January 24, 2007
Because your Loan is either being disbursed or entering repayment, or the repayment terms are being modified, the following information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 12.207    % | $    66,624.00 | $    30,000.00 | $    96,624.00 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $    402.60 | On the    1st   day of each month beginning    9/2008 |
| | | |
| | | |
| | | |

**VARIABLE RATE:** The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of the loan if the index rate increases. The index is (check one):

☐ **Prime Rate Index Adjusted Monthly** - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the last business day of each calendar month.

☐ **Prime Rate Index Adjusted Quarterly** - The highest U.S. bank prime rate published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the last business day of each calendar quarter.

☐ **LIBOR Index Adjusted Quarterly** - The average of the one-month London Interbank Offered Rates published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the first business day of each of the three (3) calendar months immediately preceding the first day of each calendar quarter.

☒ **LIBOR Index Adjusted Monthly** - The one-month London Interbank Offered Rate published in the "Money Rates" section of The Wall Street Journal (Eastern Edition) on the first business day of the preceding calendar month.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments are deferred will increase the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs while principal and interest payments are deferred will increase the amount of all future payments. Any increase in the index and the Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the amount of your future principal and interest payments beginning with your next annual payment adjustment date. For example, assume you obtain a loan in your junior year, in the amount of $10,000, at an interest rate of 11%, and you defer principal and interest payments until after your graduation, and the repayment term of the loan is 20 years. If the interest rate increased to 12% on January 1st of your senior year, the interest which accrues while principal and interest payments are deferred will increase by $91.01, and your monthly principal and interest payments would increase by $9.37.

**LATE CHARGES:** If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If you default, Lender (or any subsequent holder of your Loan Note) may increase the margin used to compute the Annual Percentage Rate by two percentage points (2%).

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

**Estimates:** All numerical disclosures except the late payment disclosure are estimates.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, any security interest and prepayment refunds and penalties.

| | | |
|---|---|---|
| Principal Amount of Note (Amount Financed plus Prepaid Finance Charge) | | $    32,786.89 |
| | | |
| Itemization of Amount Financed | | |
| Amount paid to   ALEKSIA M HEPNER   and | $                | |
| Amount paid to   STEVYN E HEPNER | $    30,000.00 | |
| Total Amount Financed | | $    30,000.00 |
| | | |
| Itemization of Prepaid Finance Charge | | |
| Origination Fee | $    2,786.89 | |
| Total Prepaid Finance Charge(s) | | $    2,786.89 |

CSA TM:f/e04 9736   3cl        BKJUDP  Education Maximizer Ugrad Loan        File Copy

n this Credit Agreement, the words "I", "me", "my", and "mine" mean the person(s) who signed this Credit Agreement as Borrower and Cosigner. The words "you", "your", "yours", and "Lender" mean Bank of America, National Association, its successors and assigns, and any other holder of this Credit Agreement. "School" means the school named at the top of the first page of this Credit Agreement. The "servicer" means the Lender or any entity it designates to service my loan.

**A. PROMISE TO PAY:** I promise to pay to you the Loan Amount Requested shown on the first page of this Credit Agreement, to the extent it is advanced to me or paid on my behalf, and any Loan Origination Fee added to my loan (see Paragraph F) (together, the "Principal Sum"), interest on such Principal Sum, interest or any unpaid interest added to the Principal Sum and tax fees (see Paragraph E.6).

**B. IMPORTANT – READ THIS CAREFULLY:**
1 When you receive my signed Credit Agreement, you are not agreeing to lend me money. If you decide to make a loan to me, you will electronically transfer the loan funds to the School for me, mail a loan check to the School for me or mail a loan check directly to me. You have the right to not make a loan or to lend an amount less than the Loan Amount Requested. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me along with interest and all other amounts I owe (see Paragraph A). You have the right to disburse my loan through an agent. At your option, you may also make any loan check co-payable to me and the Cosigner or to me and the School.

2. **HOW I AGREE TO THE TERMS OF THIS LOAN.** By signing this Credit Agreement, and submitting it to the Lender, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Credit Agreement. If you approve this request and agree to make this loan, you will notify me in writing and provide me with a Disclosure Statement, as required by law, at the time the loan proceeds are disbursed. The Disclosure Statement is incorporated herein by reference and made a part hereof. The Disclosure Statement will tell me the amount of the loan that you have approved, the amount of the Loan Origination Fee, and other important information. I will let you know that I agree to the terms of the loan as set forth in this Credit Agreement and in the Disclosure Statement by doing either of the following: (a) endorsing or depositing the check that disburses the loan proceeds; or (b) allowing the loan proceeds to be used by or on behalf of the student Borrower without objection. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions  If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan.  To cancel my loan, I will give you a written cancellation notice within ten (10) days after I receive the Disclosure Statement. If loan proceeds have been disbursed I agree that I will immediately return the loan proceeds to you, will not endorse any check that disburses the loan proceeds and will instruct the School to return any loan proceeds to you  If I give notice of cancellation but do not comply with the requirements of this Paragraph B.2, this Credit Agreement will not be canceled and I will be in default of this Credit Agreement  (See Paragraph .)

**C. DEFINITIONS:**
1  "Disbursement Date" means the date or dates on which you lend money to me in consideration for my Credit Agreement and will be the date(s) shown on any loan check you prepare or the date(s) you initiate any electronic funds transfer.
2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.
3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Credit Agreement).

(a) *Undergraduate Alternative Loan Program:*  If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Credit Agreement), there is no Deferment Period, and my first payment will be 30-60 days after the disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), then interest

payments will begin 30-60 days after the disbursement of my loan, the "Deferment End Date" will be the date the student Borrower first graduates or ceases to be enrolled at least half-time in the School (or another school participating in this loan program), and principal and interest payments will begin 30-60 days after that date. In any event, if I have elected the "Interest Only" repayment option, the Deferment End Date will be no more than 5 years after the Disbursement Date. If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), then the "Deferment End Date" will be 180 days after the date the student Borrower first graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, if I have elected the "Full Deferral" repayment option, the Deferment End Date will be no more than 5½ years after the Disbursement Date. For borrowers who chose the "Interest Only" or "Full Deferral" repayment options, joint and serial (associates to bachelors) degree recipients may continue in-school deferment while completing their second degree, up to the 5-year or 5 ½- year maximum.

(b) *Graduate Professional Education Loan Program:*  The Deferment End Date will be 180 days after the student Borrower graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date; provided, however, that if the student Borrower begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.
4. The "Repayment Period" begins the day after the Deferment Period ends. If there is no Deferment Period for my loan, the Repayment Period will begin when my loan is fully disbursed. The Repayment Period is 20 years unless monthly payments equal to the minimum monthly payment amount (See Paragraph E.2) will repay all amounts owed in less than 20 years, in which case the Repayment Period will be the number of months necessary to pay in full the amount I owe at the minimum payment.

**D. INTEREST:**
1. Accrual – Beginning on the Disbursement Date, interest will be calculated at the Variable Rate (Paragraph D.2) and charged on the Principal Sum, and on any unpaid interest later added to the Principal Sum according to Paragraph D.3. During the Repayment Period, interest will be calculated at the Variable Rate and charged on the outstanding balance of this Credit Agreement until all amounts are paid in full.  Interest will be calculated on a daily simple interest basis. The daily interest rate will be equal to the annual interest rate in effect on that day, divided by the number of days in that calendar year.
2. Variable Rate – The "Variable Rate" is equal to the Current Index plus a Margin.  The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Credit Agreement. In no event, will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of California. The Variable Rate will change monthly on the first day of each calendar month (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar month (or for any shorter period beginning on the Disbursement Date and ending on the last day of a calendar month) is based on the one-month London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal* (Eastern Edition). The Index for each calendar month (or for any shorter period beginning on a Disbursement Date and ending on the last day of a calendar month) will equal the LIBOR rate published on the first business day of the immediately preceding calendar month, rounded to the nearest one-hundredth of one percent (0.01%).  If *The Wall Street Journal* (Eastern Edition) is not published or the Current Index is not given on that date, then the Current Index will be determined by using the immediately preceding published Current Index. If the Current Index is no longer available, you will choose a comparable index.
3. Capitalization – If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), I am not obligated to make any payments until the loan enters the Repayment Period and you will add unpaid accrued interest to the principal loan balance as of the last day of each calendar quarter (the last

day of December, March, June and September) during the Deferment Period and as of the last day of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default (see Paragraph I) and the loan has been sold to TERI (see Paragraph L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will also add all accrued and unpaid interest to the principal balance of my loan at the end of any forbearance period (see Paragraph H).

**E. TERMS OF REPAYMENT:**

1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), you will send statements during the Deferment Period (showing the total outstanding principal balance of my loan and the interest that has accrued on my loan). You reserve the right to send statements or notices to either the Borrower or the Cosigner. Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Credit Agreement. If I have elected the "Full Deferral" repayment option I may but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – The amount of my monthly payment ("Monthly Payment Amount") will be established based on the rules in this Credit Agreement when my Repayment Period begins. During the Repayment Period, you will send me monthly statements that show the Monthly Payment Amount and the payment due dates, and I will pay the Monthly Payment Amount shown on my monthly statement; which amount will in no event be less than $25 or the unpaid balance, whichever is less. I understand that the Monthly Payment Amount is due each month. I may pay more than my Monthly Payment Amount at any time without penalty or charge. If my loan is in paid-ahead status, I may, but will not be required to make monthly payments. You reserve the right to send monthly statements to the Borrower and/or the Cosigner. Even if I do not receive monthly statements, I will make consecutive monthly payments in amounts at least equal to the Monthly Payment Amount by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Credit Agreement.

3. Repayment Terms – My Monthly Payment Amount will be calculated as of the day the Repayment Period begins ("Repayment Date"). It will be recalculated (a) once each year prior to the anniversary of the Repayment Date, (b) if the Variable Rate changes between anniversaries of the Repayment Date to the extent that the Monthly Payment Amount would not pay in full the accrued monthly interest on my loan, (c) following any subsequent deferment or forbearance period or (d) following any request by the Borrower to the servicer to change the monthly payment due date (each of which events is a new "Repayment Date"). As of any Repayment Date my Monthly Payment Amount will be recalculated. My new Monthly Payment Amount will be disclosed to me by the servicer. The new Monthly Payment Amount will equal the amount necessary to pay in full, over the number of months remaining in the Repayment Period, the amount I owe in equal monthly installments of principal and interest at the Variable Rate in effect at the time of the calculation. I understand that this may result in a reduction or increase in my monthly payment as calculated as of each Repayment Date. I understand that during the Repayment Period (and, if I have elected the "Interest Only" repayment option, during the period of interest payments) the servicer may change the monthly payment due date of future payments to a later date for the convenience of the servicer in processing payments or in order to coordinate the due dates of all of my loans processed by the servicer.

4. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional interest. If I have not paid any late fees, I will also owe additional amounts for those late

fees. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

5. Payments – Payments will be applied first to late fees, other fees and charges, accrued interest, and the remainder to principal.

6. Other Charges – If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late fee not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Credit Agreement, including reasonable collection agency and attorney's fees and court costs and other collection costs.

**F. LOAN ORIGINATION FEE:** If you charge me, I will pay you a Loan Origination Fee at the time my loan is disbursed. The dollar amount of any Loan Origination Fee will be determined by multiplying the Principal Sum times the Loan Origination Fee Percentage shown on the first page of this Credit Agreement. The percentage would be higher if computed only on the amount advanced rather than on the entire Principal Sum (Loan Origination Fee plus the loan amount advanced). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and included with the Principal Sum. To the extent permitted by law, and unless I timely cancel this Credit Agreement (see Paragraph B.2), I will not be entitled to a refund of any Loan Origination Fee after my loan has been disbursed.

**G. RIGHT TO PREPAY:** I have the right to prepay all or any part of my loan at any time without penalty.

**H. FORBEARANCE:** If I am unable to repay my loan in accordance with the terms established under this Credit Agreement because of a hardship such as financial or medical difficulty, I may request that you modify these terms. I understand that such modification would be at your option, and, to the extent not prohibited by applicable law, you may charge me a fee equal to two percent 2% of the outstanding principal balance if you agree to modify the terms of this Credit Agreement. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any 2% fee described in the previous sentence and all interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

**I. WHOLE LOAN DUE:** To the extent permitted by applicable law, I will be in default and you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Credit Agreement, are due and payable at once (subject to any applicable law which may give me a right to cure my default) if, (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Credit Agreement, (4) any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors, or (5) I make any false written statement in applying for this loan or any other loan or at any time during the Deferment or Repayment Period. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. Upon default, you may also capitalize any interest and fees (i.e., add accrued and unpaid interest and fees to the principal balance), and increase the Margin used to compute the Variable Rate by two percentage points (2%)

**J. NOTICES:**

1. I will send written notice to you, any subsequent holder of this Credit Agreement, and the servicer within ten days after any change in my name, address, or enrollment status (for example, if the Borrower withdraws from the School or transfers to another school participating in this loan program).

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the Cosigner, if any.

**K. INFORMATION:**

1. I must update the information I provided to you whenever you ask me to do so.

2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

### 3. CREDIT BUREAU REPORTING

> **You may report information about my account to credit bureaus. Late payments, missed payments, or other defaults in my account may be reflected in my credit report.**

I understand that the reporting of information about my account to credit bureaus may adversely affect my credit rating and my ability to obtain other credit. You may also report the status of my loan and my payment history, including information about a late payment, missed payment or other defaults in accordance with applicable law.

### L. ADDITIONAL AGREEMENTS:

1. I understand that you are located in California and that this Credit Agreement will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS CREDIT AGREEMENT WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF CALIFORNIA, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2. The proceeds of this loan will be used only for my educational expenses at the School. The Cosigner, if any, will not receive any of the loan proceeds.

3. My responsibility for paying the loan evidenced by this Credit Agreement is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Credit Agreement, you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Credit Agreement to me for payment or make protest of non-payment to me before suing to collect on this Credit Agreement if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PAYMENTS MARKED 'PAID IN FULL', 'WITHOUT RECOURSE' OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Credit Agreement or any of its benefits or obligations. You may assign this Credit Agreement at any time.

5. The terms and conditions set forth in this Credit Agreement and the Disclosure Statement constitute the entire agreement between you and me.

6. If any provision of this Credit Agreement is held invalid or unenforceable, that provision shall be considered omitted from this Credit Agreement without affecting the validity or enforceability of the remainder of this Credit Agreement.

7. A provision of this Credit Agreement may be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Credit Agreement.

8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Credit Agreement. I hereby authorize you to obtain from the School all amounts which may be owed to me by the School, including any refund due to overpayment, early termination of enrollment, or otherwise.

9. If this Credit Agreement is executed by more than one Borrower, each Borrower agrees that any communication between you and any of the Borrowers will be binding on all of the Borrowers. I intend to be treated as a principal of this Credit Agreement, and not as a surety. To the extent I may be treated as a surety, I waive all notices to which I might otherwise be entitled as such by law, and all suretyship defenses that might be available to me (including, without limitation, contribution, subrogation and exoneration). I agree that the Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on me. It shall not be necessary for you to resort to or exhaust your remedies against the borrower before calling upon me to make repayment. For purposes of this paragraph only, "I" and "me" refer to the Cosigner only.

10. All dollar amounts stated in this Credit Agreement are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

11. If the student Borrower fails to complete the education program paid for with this loan, the Cosigner and I are not relieved of any obligation within or pursuant to this Credit Agreement.

12. I understand and agree that this loan is an education loan and certify that it will be used only for costs of attendance at the School. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code because either or both of the following apply: (a) this loan was made pursuant to a program funded in whole or in part by The Education Resources Institute, Inc. ("TERI"), a non-profit institution, or (b) this is a qualified education loan as defined in the Internal Revenue Code. This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full.

13. I authorize any school that I may attend to release to you, and any other persons designated by you, any requested information pertinent to this loan (e.g., enrollment status, prior loan history, and current address).

14. I authorize the Lender, any subsequent holder of this Credit Agreement, and their agents (including TERI) to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Credit Agreement and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me, and (5) disclose to the Borrower and/or the Cosigner either in connection with this transaction or any future transaction all information (including status information and non-public personal information) of the Borrower and/or the Cosigner provided in connection with this Credit Agreement.

15. Waiver by Lender. You waive (give up) any right to claim a security interest in any property to secure this Credit Agreement. This does not affect any right to offset as a matter of law.

16. If I fax my signature(s) on the first page of this Credit Agreement back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of the first page of this Credit Agreement. You and I agree that all copies of this Credit Agreement (including the fax you receive and the copy I retain), taken together, shall constitute a single original agreement.

17. If any Borrower or Cosigner elects to sign electronically an electronic record of this Credit Agreement, then the following will apply as between Lender and such person: (a) Lender will keep a non-modifiable electronic record of this document and provide a copy to me upon request, (b) I can and have downloaded and/or printed a copy of this document for my records or notified the Lender to mail me a copy of this document, and (c) the Lender's electronic record of this document and any printout from that record shall be an original for all purposes, including any lawsuit to collect amounts that I owe. If I physically sign a copy of this document that has been electronically signed by any other Cosigner or Borrower, as between me and the Lender the copy I sign (and any fax of that copy I may send to Lender) will be an original. However, the electronic signature of another party to this Credit Agreement and the Lender's electronic record of this document containing that signature will be as valid against me as an original, physical document that is physically signed by all parties.

### M. DISCLOSURE NOTICES

> **ALL APPLICANTS:**
> **IMPORTANT FEDERAL LAW NOTICE—**
>
> *Important information about procedures for opening a new account:*

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

*What this means for you:*

When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

CALIFORNIA RESIDENTS: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

CALIFORNIA AND UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfil the terms of my credit obligations.

IOWA, KANSAS AND NEBRASKA RESIDENTS (For purposes of the following notice, the word "you" refers to the Borrower and the Cosigner, not the Lender): NOTICE TO CONSUMER. This is a consumer credit transaction. 1. DO NOT SIGN THIS CREDIT AGREEMENT BEFORE YOU READ THIS CREDIT AGREEMENT. 2. YOU ARE ENTITLED TO A COPY OF THIS CREDIT AGREEMENT. 3. YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY AND MAY BE ENTITLED TO A REFUND OF UNEARNED CHARGES IN ACCORDANCE WITH LAW.

MARYLAND RESIDENTS: In Paragraph L.1, Lender and I have agreed that this Credit Agreement is governed by federal law and the laws of CALIFORNIA, without regard to conflict of laws rules; if any court should nevertheless determine that this Credit Agreement is subject to Maryland laws concerning credit, then only to the extent that Maryland law applies, Lender and I agree and elect that this loan is made under and governed by Subtitle 10, Credit Grantor Closed End Credit Provisions, of Title 12 of the Commercial Law Article of the Annotated Code of Maryland except as preempted by federal law.

MISSOURI RESIDENTS: Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

NEVADA RESIDENTS: This is a loan for study.

NEW JERSEY RESIDENTS: The section headings of this Credit Agreement are a table of contents and not contract terms. Portions of this Credit Agreement with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Credit Agreement acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

NEW YORK, RHODE ISLAND AND VERMONT RESIDENTS: A consumer report (credit report) may be obtained from a consumer-reporting agency (credit bureau) in connection with this loan. If I request (1) I will be informed whether or not consumer reports were obtained, and (2) if reports were obtained, I will be informed of the names and addresses of the credit bureaus that furnished the reports. If you agree to make this loan to me, a consumer credit report may be requested or used in connection with renewals or extensions of any credit for which I have applied, reviewing my loan, taking collection action on my loan, or legitimate purposes associated with my loan.

OHIO RESIDENTS: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

WISCONSIN RESIDENTS: For married Wisconsin residents, my signature on this Credit Agreement confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 or court decree under Section 766.70 adversely affects the interest of the Lender unless the Lender, prior to the time that the loan is approved, is furnished with a copy of the agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the Lender is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me.

N. BORROWER'S CERTIFICATION: I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation, the information contained in this Credit Agreement, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally-insured Student Loan, a Federal Supplemental Loan for student Borrowers (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

O. STATE-SPECIFIC COSIGNER NOTICES: For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the Lender.

FOR OBLIGORS COSIGNING IN IOWA, NEW YORK AND SOUTH CAROLINA:

NOTICE: You agree to pay the debt identified below although you may not personally receive any property, goods, services, or money. You may be sued for payment although the person who receives the property, goods, services, or money is able to pay. You should know that the Total of Payments listed below does not include finance charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that may be stated in the Credit Agreement or contract. You will also have to pay some or all of these costs and charges if the Credit Agreement or contract, the payment of which you are guaranteeing requires the Borrower to pay such costs and charges. This notice is not the Credit Agreement or contract that obligates you to pay the debt. Read the Credit Agreement or contract for the exact terms of your obligation.

IDENTIFICATION OF DEBT (S) YOU MAY HAVE TO PAY

Name of Debtor: The Borrower and Cosigner identified on the first page of this Credit Agreement.

Name of Creditor: Bank of America, National Association, and its successors and assigns.

Date: If the loan is disbursed by check, the date of the check. If the loan is disbursed electronically, the date the creditor transmits the funds to the School.

Kind of Debt: Education loan.

Total of Payments: The Loan Amount Requested set forth on the first page of this Credit Agreement (to the extent advanced), plus interest and the Loan Origination Fee set forth in this Credit Agreement.

FOR OBLIGORS COSIGNING IN VERMONT:

*NOTICE TO COSIGNER*

YOUR SIGNATURE ON THIS CREDIT AGREEMENT MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

FOR OBLIGORS COSIGNING IN WEST VIRGINIA:

---

**NOTICE TO COSIGNER**

You are being asked to guarantee this debt. Think carefully before you do. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay it if you have to, and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount. The creditor can collect this debt from you without first trying to collect from the Borrower. The creditor can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

---

Exhibit 99.18

EX-99 15 national-ex9918_031107.htm EXHIBIT 99.18

---

**Confidential Materials Omitted and Filed Separately with the Securities and Exchange Commission.**
**Asterisks Denote Omissions.**

---

**EXHIBIT 99.18**

### 2007-1 POOL SUPPLEMENT (DTC ONLY)
### BANK OF AMERICA, N.A.

This Pool Supplement (the "Supplement") is entered into pursuant to and forms a part of that certain Amended and Restated Note Purchase Agreement dated as of April 1, 2006, as amended or supplemented from the date of execution of the Agreement through the date of this Supplement (together, the "Agreement"), by and between The First Marblehead Corporation and Bank of America, N.A. (the "Program Lender"). This Supplement is dated as of March 8, 2007. Capitalized terms used in this Supplement without definitions have the meanings set forth in the Agreement.

Article 1: Purchase and Sale.

In consideration of the Minimum Purchase Price set forth below, the Program Lender hereby transfers, sells, sets over and assigns to The National Collegiate Funding LLC (the "Depositor"), upon the terms and conditions set forth in the Agreement (which are incorporated herein by reference with the same force and effect as if set forth in full herein), each student loan set forth on the attached Schedule 1 (the "Transferred Bank of America Loans") along with all of the Program Lender's rights under the Guaranty Agreement, and any agreement pursuant to which TERI granted collateral for its obligations under the Guaranty Agreement, relating to the Transferred Bank of America Loans. The Depositor in turn will sell the Transferred Bank of America Loans to The National Collegiate Student Loan Trust 2007-1 (the "Trust"). The Program Lender hereby transfers and delivers to the Depositor each Note evidencing such Transferred Bank of America Loan and all Origination Records relating thereto, together with any additional information relating to the Transferred Bank of America Loans heretofore provided by TERI (as origination agent) to the Servicer or FMC in connection with the subject Securitization Transaction. The Depositor hereby purchases said Notes on said terms and conditions.

Article 2: Price.

The amounts paid pursuant to this Supplement are the amounts set forth on Schedule 2 attached hereto.

Article 3: Representations and Warranties.

3.01. By Program Lender.

The Program Lender repeats the representations and warranties contained in Section 5.02 of the Agreement for the benefit of each of the Depositor and the Trust and confirms the same are true and correct as of the date hereof with respect to the Agreement and to this Supplement.

3.02. By Depositor.

The Depositor hereby represents and warrants to the Program Lender that at the date of execution

Exhibit 99.18

and delivery of this Supplement by the Depositor:

(a) The Depositor is duly organized and validly existing as a limited liability company under the laws of the State of Delaware with the due power and authority to own its properties and to conduct its business as such properties are currently owned and such business is presently conducted, and had at all relevant times, and has, the power, authority and legal right to acquire and own the Transferred Bank of America Loans.

(b) The Depositor is duly qualified to do business and has obtained all necessary licenses and approvals in all jurisdictions in which the ownership or lease of property or the conduct of its business shall require such qualifications.

(c) The Depositor has the power and authority to execute and deliver this Supplement and to carry out its respective terms; the Depositor has the power and authority to purchase the Transferred Bank of America Loans and rights relating thereto as provided herein from the Program Lender, and the Depositor has duly authorized such purchase from the Program Lender by all necessary action; and the execution, delivery and performance of this Supplement has been duly authorized by the Depositor by all necessary action on the part of the Depositor.

(d) This Supplement, together with the Agreement of which this Supplement forms a part, constitutes a legal, valid and binding obligation of the Depositor, enforceable in accordance with its terms.

(e) The consummation of the transactions contemplated by the Agreement and this Supplement and the fulfillment of the terms hereof do not conflict with, result in any breach of any of the terms and provisions of, or constitute (with or without notice or lapse of time) a default under, the governing instruments of the Depositor or any indenture, agreement or other instrument to which the Depositor is a party or by which it is bound; or result in the creation or imposition of any lien upon any of its properties pursuant to the terms of any such indenture, agreement or other instrument; or violate any law or any order, rule or regulation applicable to the Depositor of any court or of any federal or state regulatory body, administrative agency or other governmental instrumentality having jurisdiction over the Depositor or its properties.

(f) There are no proceedings or investigations pending, or threatened, before any court, regulatory body, administrative agency or other governmental instrumentality having jurisdiction over the Depositor or its properties: (i) asserting the invalidity of the Agreement or this Supplement, (ii) seeking to prevent the consummation of any of the transactions contemplated by the Agreement or this Supplement, or (iii) seeking any determination or ruling that is likely to materially or adversely affect the performance by the Depositor of its obligations under, or the validity or enforceability of the Agreement or this Supplement.

Article 4: Cross Receipt.

The Program Lender hereby acknowledges receipt of the Minimum Purchase Price. The Depositor hereby acknowledges receipt of the Transferred Bank of America Loans.

Article 5: Assignment of Origination, Guaranty and Servicing Rights.

The Program Lender hereby assigns and sets over to the Depositor any claims it may now or hereafter have under the Guaranty Agreement, the Origination Agreement and the Servicing Agreement

Exhibit 99.18

to the extent the same relate to the Transferred Bank of America Loans described in Schedule 1, other than any right to obtain servicing after the date hereof. It is the intent of this provision to vest in the Depositor any claim of the Program Lender relating to defects in origination, guaranty or servicing of the loans purchased hereunder in order to permit the Depositor to assert such claims directly and obviate any need to make the same claims against the Program Lender under this Supplement. The Program Lender also hereby assigns and sets over to the Depositor any claims it may now have or hereafter have to any collateral pledged by TERI to the Program Lender to secure its obligations under the Guaranty Agreement that relates to the Transferred Bank of America Loans, and the Program Lender hereby releases any security interest it may have in such collateral. The Program Lender hereby authorizes the Depositor, its successors and assigns, to file in any public filing office where a Uniform Commercial Code Filing with respect to collateral pledged by TERI is of record, any partial release or assignment that it deems necessary or appropriate to reflect in the public records the conveyance and assignment effected hereby.

[Remainder of page intentionally blank]

IN WITNESS WHEREOF, the parties have caused this Supplement to be executed as of the date set forth above.

THE FIRST MARBLEHEAD CORPORATION

By: /s/ John A. Foxgrover
    John A. Foxgrover
    Senior Vice President

BANK OF AMERICA, N.A.

By: /s/ Elliott Lemon
    Elliott Lemon
    Vice President

THE NATIONAL COLLEGIATE FUNDING LLC

By:   GATE Holdings, Inc., Member

By: s/ John A. Foxgrover
    John A. Foxgrover
    Vice President

Schedule 1

[Transferred Bank of America Loans]

Schedule 2

**Direct to Consumer – Prior to June 22, 2006**

Exhibit 99.18

For Transferred Bank of America Loans for which applications were received by the Program Lender prior to June 22, 2006, for purposes of this Supplement the term "Minimum Purchase Price" shall mean the sum of the following amounts with respect to each of such Transferred Bank of America Loans to be purchased:

(a) The unpaid principal amount ([**]) of the Transferred Bank of America Loans; plus

(b) All accrued and unpaid interest on such Transferred Bank of America Loans, in accordance with the terms of the Bank of America DTC Notes [**]; plus

(c) All fees paid by the Program Lender to TERI with respect to such Transferred Bank of America Loans [**]; plus

(d) The amount of any Guaranty Fees [**]; plus

(e) A marketing fee and loan premium, [**]:

1. With respect to K-12 Creditworthy Loans, [**]%; or

2. With respect to Continuing Education Creditworthy Loans, [**]% for [**] and [**]% for [**];

3. With respect to Undergraduate Creditworthy Loans, [**]% for [**]; [**]% for [**]; [**]% for [**]; and [**]% for [**]; and

4. With respect to Graduate Creditworthy Loans, [**]% for [**]; [**]% for [**]; [**]% for [**]; and [**]% for [**].

**Direct to Consumer – On or After June 22, 2006**

For Transferred Bank of America Loans for which applications were received by the Program Lender on or after June 22, 2006, for purposes of this Supplement the term "Minimum Purchase Price" shall mean the sum of the following amounts with respect to each of such Transferred Bank of America Loans to be purchased:

(a)   The unpaid principal amount ([**]) of the Transferred Bank of America Loans; plus

(b)   All accrued and unpaid interest on such Transferred Bank of America Loans, in accordance with the terms of the Bank of America Direct to Consumer Notes (as defined in the Guaranty Agreement) [**]; plus

(c)   To the extent not paid by Advanced Fees (as defined in Schedule 3.3 of the Guaranty Agreement):

(i)   [**] paid by Program Lender to TERI with respect to such Transferred Bank of America Loans [**]; plus

(ii)   The amount of any Subsequent Administrative Guaranty Fees (as defined in the Guaranty Agreement) [**]; plus

Exhibit 99.18

    (iii)  The amount of any Guaranty Fees [**]; plus

    (iv)  The amount of any Subsequent DSA Guaranty Fees (as defined in the Guaranty Agreement) [**]; plus

(d)  A marketing fee and loan premium, [**]:

    1.    with respect to Direct to Consumer K-12 Creditworthy Loans, [**]%;

    2.    with respect to Direct to Consumer Continuing Education Creditworthy Loans, [**]% for [**], and [**]% for [**];

    3.    with respect to Direct to Consumer Undergraduate Creditworthy Loans, [**]% for [**] and [**]% for [**];

    4.    with respect to Direct to Consumer Graduate Creditworthy Loans, [**]% for [**], and [**]% for [**];

    5.    with respect to Direct to Consumer Undergraduate Creditworthy Expanded Tier Loans, [**]% for [**];

    6.    with respect to Direct to Consumer Graduate Creditworthy Expanded Tier Loans, [**]% for [**]; and

    7.    with respect to Direct to Consumer Continuing Education Creditworthy Expanded Tier Loans, [**]% for [**].

(e)  MINUS any Advanced Fees (as defined in Schedule 3.3 to the Guaranty Agreement) [**].

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 21 2019

BY _____
GLORIA MARIN, DEPUTY

1   **LAW OFFICES OF**
    **PATENAUDE & FELIX, A.P.C.**
2   Raymond A. Patenaude, Esq. (#128855)
    Michael D. Kahn, Esq. (#236898)
3   Stephanie J. Boone, Esq. (#160182)
    Todd C. Simonson, Esq. (#224346)
4   Adam Michael Rivera, Esq. (#321236)
    Angie Hong Hoar, Esq. (#212152)
5   4545 Murphy Canyon Road, 3rd Floor
    San Diego, California 92123
6   Tele: (858) 244-7600  Fax: (858) 836-0318
7
8   Attorneys for Plaintiff
    NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A DELAWARE STATUTORY
9   TRUST(S)

10              **SUPERIOR COURT OF CALIFORNIA**
       **COUNTY OF SAN BERNARDINO, SAN BERNARDINO JUSTICE CENTER -**
11                      **UNLIMITED CASE**

12   NATIONAL COLLEGIATE STUDENT        Case No.  CIV DS  1 9 3 1 1 6 0 -
     LOAN TRUST 2007-1, A DELAWARE
13   STATUTORY TRUST(S),                **DECLARATION RE: VENUE**
14                          Plaintiff,
15   v.
16   ALEKSIA M HEPNER,
     and DOES 1 through 15, inclusive,
17
                          Defendant(s).
18

19   The undersigned declare:

20          1.   That I am the attorney at law, duly licensed to practice before all Courts in the state

21   of California.

22          2.   I am an associate with the Law Offices of Patenaude & Felix, APC, counsel of

23   record for Plaintiff herein.

24          3.   I make this Declaration based on my personal knowledge, except for those items

25   which are stated to be based on my information and belief.  If called to testify I could, and would,

26   competently testify to the matters contained herein, based upon my personal knowledge, except for

27   that which is stated to be based on my information and belief, and with the respect to those items, I

28   believe them to be true.

PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600  FAX: (858) 836-0318

1

1        4.  Based on the information in this office's file, this is the proper Judicial District

2  because at least one Defendant resides in this Judicial District.

3        5.  This Action is not subject to California Civil Code section 2984.4 or California Civil

4  Code section 1812.10.

5        I declare under the penalty of perjury under the laws of the State of California that the

6  foregoing is true and correct. Executed on September 06, 2019, San Diego, California.

7

8                                         **/S/**

9                            [ ] RAYMOND A. PATENAUDE    [ ] MICHAEL D. KAHN
     [ ] STEPHANIE J. BOONE       [ ] TODD C. SIMONSON
10   [ ] ADAM MICHAEL RIVERA    [ ] ANGIE HONG HOAR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

*(left margin, rotated)* PATENAUDE & FELIX, APC
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD, 3RD FLOOR
SAN DIEGO, CA 92123
TELE: (858) 244-7600 FAX: (858) 836-0318

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2007-1, A DELAWARE STATUTORY
TRUST(S)

CASE NO. CIV DS 1931160 -

vs.

ALEKSIA M HEPNER,

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the  SAN BERNARDINO
District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General          ☒ Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| ☐ | 1. | Adoption | Petitioner resides within the district. |
| ☐ | 2. | Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. | Contract | Performance in the district is expressly provided for. |
| ☐ | 4. | Equity | The cause of action arose within the district. |
| ☐ | 5. | Eminent Domain | The property is located within the district. |
| ☐ | 6. | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. | Mandate | The defendant functions wholly within the district. |
| ☐ | 10. | Name Change | The petitioner resides within the district. |
| ☐ | 11. | Personal Injury | The injury occurred within the district. |
| ☐ | 12. | Personal Property | The property is located within the district. |
| ☐ | 13. | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. | Review | The defendant functions wholly within the district. |
| ☐ | 16. | Title to Real Property | The property is located within the district. |
| ☐ | 17. | Transferred Action | The lower court is located within the district. |
| ☐ | 18. | Unlawful Detainer | The property is located within the district. |
| ☐ | 19. | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. | Other _____ | |
| ☒ | 21. | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

ALEKSIA M HEPNER
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)          (ADDRESS)

RANCHO CUCAMONGA                    CA                  91730-6787
(CITY)                              (STATE)             (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed

on September 06, 2019 _____ at SAN DIEGO _____, California

/S/

Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360 Rev. 06-2014