# EXHIBIT D

| | |
|---|---|
| Monica Hartsock, SBN 270114 **LAW OFFICE OF MONICA HARTSOCK** 4562 Hastings Ct. Chino, California 91710 Telephone: (909) 536-1773 Monica@Hartsocklawfirm.com Attorneys for Defendant Aleksia Lindsay (erroneously sued as & fkaAleksia Hepner) | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A Delaware Statutory Trust<br><br>Plaintiff,<br><br>vs.<br><br>ALEKSIA M HEPNER and DOES 1-15, inclusive<br><br>Defendants. | Case No. CIVDS1931160 |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A Delaware Statutory Trust<br><br>Plaintiff,<br><br>vs.<br><br>ALEKSIA M HEPNER and DOES 1-15, inclusive<br><br>Defendants. | Case No. CIVDS1931182<br><br>**DEFENDANT'S AMENDED ANSWER**<br><br>Case Filed on: October 21, 2019<br>Trial Date: None |

DEFENDANT'S AMENDED ANSWER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendant Aleksia Lindsay (erroneously sued as and fka Aleksia Hepner) ("Defendant") hereby Answers the Complaints of Plaintiffs NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, A Delaware Statutory Trust and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A Delaware Statutory Trust (collectively, the "Plaintiffs").

## GENERAL DENIAL

1. Pursuant to the California Code of Civil Procedure 431.30, this answering Defendant denies, generally and specifically, each and every allegation contained in each and every cause of action directed to this answering Defendant

Additionally, Defendant sets forth the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

2. The Complaint and every purported cause of action therein fail to set forth facts sufficient to state a cause of action for the reasons set forth in Defendant's Cross-Complaint filed herewith.

## SECOND AFFIRMATIVE DEFENSE
(Comparative Negligence of Plaintiffs and Cross-Defendants)

3. That at all times and places set forth in the Complaints, Plaintiffs and Cross-Defendants failed to exercise ordinary care on its own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the damages complained of in the action. Plaintiffs' recovery therefore against this Defendant should be barred or reduced according to principles of comparative negligence.

## THIRD AFFIRMATIVE DEFENSE
(Statute of Limitations)

4. Based upon information and belief, Plaintiffs' actions are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. The Plaintiffs have engaged in conduct with respect to the activities and/or property which are the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claims, damages or seeking any other relief against this answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

6. The Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence or any other conduct, if any, as set forth in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. By virtue of Plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiffs should be barred from recovering against this answering Defendant by the equitable doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

8. This answering Defendant is informed and believes and thereon alleges that Plaintiffs have engaged in conduct and activities tainted with bad faith, by reason of which Plaintiffs should not be permitted to use the process of this court for furtherance of said bad faith

## EIGHTH AFFIRMATIVE DEFENSE

### (Superseding Negligence)

9. The damages of which the Plaintiffs complain were proximately caused or contributed to by the acts of other Defendants, Cross-defendants, persons and/or other entities. Said acts were an intervening, supervening and superseding cause of the damages, if any, of which Plaintiffs complain, thus barring Cross-complainant from any

recovery against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Intervening Negligence and/or Intentional Conduct of Third Parties)

10.  This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, independent, intervening, negligent and/or intentional conduct of independent third parties and their agents for which this answering Defendant is not responsible interfered with and caused Plaintiffs damages such that Plaintiffs are incapable of any recovery from Defendant.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Preserve Evidence)

11.  This answering Defendant is informed and believes and thereon alleges that Plaintiffs intentionally or negligently, and with conscious disregard of the probable serious harm, lost, destroyed, failed to preserve, allowed spoliation or otherwise disposed of essential evidence to this action.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Provide Proof/Validity)

12.  This answering Defendant is informed and believes and thereon alleges that Plaintiffs did not receive a valid assignment of the debt and have not provided proof of any such assignment; additionally, Defendant demand strict proof of amounts allegedly owed in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

(Reservation of Rights RE: Additional Affirmative Defenses)

13.  Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

**DEFENDANT'S AMENDED ANSWER**

Date:  November 9, 2020            LAW OFFICE OF MONICA HARTSOCK

By: _____
MONICA HARTSOCK
Attorney for Defendant Aleksia Lindsay (fka Aleksia Hepner)