Scott C. Borison (CA Bar No. 289456)
1900 S. Norfolk St. Suite 350
San Mateo CA 94403
(301) 620-1016
Scott@borisonfirm.com

Monica Hartsock, SBN 270114
LAW OFFICE OF MONICA HARTSOCK
4562 Hastings Ct.
Chino, California 91710
Telephone: (909) 536-1773
Monica@Hartsocklawfirm.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSIA LINDSEY, on behalf of herself and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PATENAUDE & FELIX, APC., on behalf of itself and those similarly situated, <br><br> Defendants. | Case No. 5:20-cv- 2537 <br><br> **PLAINTIFF'S MOTION TO MODIFY THE COURT'S ORDER (ECF. 41) OR ALTERNATIVELY AN ENLARGEMENT OF TIME TO FILE AN AMENDED COMPLAINT** |

Plaintiff, Aleksia Lindsey, ("Lindsey") by her undersigned counsel moves to modify the Court's Order (ECF. 41) and says in support:

1. This action commenced in this Court on December 8, 2020. ECF. 1. The Complaint alleged a federal claim Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). Based on the assertion of this federal claim, Plaintiff asserted that there was federal question jurisdiction before this Court.

2. Thereafter the Defendant moved to dismiss the Lindsey's complaint which the

Court granted with leave to amend. ECF. 41.

3. While the Defendant's Motion to Dismiss was pending, the Supreme Court issued a new opinion concerning the Court's limited jurisdiction over certain statutory claims permitting statutory damages. *See e.g. TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021).

4. The Court's Order dismissing this action (ECF. 41) was granted "with leave to [the Plaintiff to] amend…no later than September 21, 2021." ECF. 41 at Page 9.

5. Plaintiff has continued to investigate her dispute with the Defendant and believes she can file valid state law claims that arise out of the conduct subject to her original complaint in an Amended Complaint. However, in light of the Court's ruling on her claims under the FDCPA (ECF. 41) and the holding in *Ramirez* that appears to have limited jurisdiction under Article III of the U.S. Constitution, Plaintiff does not believe that she would be able to include an FDCPA claim in an amended complaint before this Court. Without a federal claim that falls within this Court's jurisdiction, there does not appear to be a basis to allege this Court has jurisdiction over an FDCPA claim for statutory damages or state law claims against a California corporation.[1]

6. Rather than present an Amended Complaint to this Court which the Court would likely not have jurisdiction to hear without a federal claim that falls within the Court's jurisdiction and in light of *Ramirez*, Plaintiff requests that Court modify its Order of September 9, 2021 (ECF. 41) to state Plaintiff's claims under FDCPA are dismissed without prejudice and without prejudice to any

---

[1] Plaintiff is a citizen of California and although Defendant never filed its corporate disclosure statement required by Fed. R. Civ. P. 7.1, Plaintiff believes its business is based in California and is incorporated in California as well from a review of corporate registration papers with the California Secretary of State. Therefore, there is no basis for diversity jurisdiction.

state law claims that may she assert before a state court. A dismissal without prejudice is appropriate when claims are dismissed because the Court lacks subject matter jurisdiction. See e,g., *Hampton v. Pacific Investment Management Company*, 869 F. 3d 844 (9th Cir. 2017).

7. Modifying the Court's Order (ECF. 41) avoids having to burden the Court with further briefing and argument over statutory claims that do not satisfy standing requirements for this Court to exercise jurisdiction and the state law claims between non-diverse parties[2] which also likely do not fall within this Court's limited jurisdiction.

8. Alternatively, if the Court does not grant the relief requested in ¶¶ 6-7, Plaintiff asks the Court to grant leave to file an Amended Complaint within 7 days after denial of the relief. If required to do so, Plaintiff will file an amended complaint to preserve her potential statutory damages claims under the FDCPA and her state law claims that are not within the court's jurisdiction. Therefore, her allegation as to jurisdiction will state that there does not appear to be jurisdiction before this Court.

9. Plaintiff has conferred with the Defendant and it opposes the relief requested herein.

WHEREFORE, for good cause shown and to conserve the Court's and Parties' resources, Plaintiff requests:

A. That the Court modify its Order of September 9, 2021 (ECF. 41) to dismiss Plaintiff's claims without prejudice; or

B. Alternatively, the Court Order that her time to amend her complaint is

---

[2] *See* FN 1 *supra*.

extended until seven days following resolution of this motion pursuant to Fed. R. Civ. P. 6(b) to file an Amended Complaint which sets forth her statutory damage claim under the FDCPA and her state law claims that avers this Court lacks subject matter jurisdiction.

Dated: September 20, 2021

/s/ Scott C. Borison
Scott C. Borison (CA Bar No. 289456)
1900 S. Norfolk St. Suite 350
San Mateo CA 94403
(301) 620-1016
Scott@Borisonlaw.com

/s/ Monica Hartsock
Monica Hartsock, SBN 270114
LAW OFFICE OF MONICA HARTSOCK
4562 Hastings Ct.
Chino, California 91710
Telephone: (909) 536-1773
Monica@Hartsocklawfirm.com

*Attorneys for Plaintiffs and the Proposed Class*